UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL CASE NO.  5:14CV1348 |
| | ) | CRIMINAL CASE NO. 5:13CR127 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| BRAND D. BRITTON, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is a motion to vacate, set aside, or correct sentence filed by *pro se* petitioner Brand Britton ("petitioner" or "Britton") pursuant to U.S.C. § 2255 (Doc. No. 37 ["Mot."]).[1] Respondent United States of America ("government") opposes the motion (Doc. No. 41 ["Opp."]). The motion is fully briefed and is ripe for resolution.[2]

I.  **BACKGROUND**

By way of information, petitioner was charged with one count of transmitting threatening communications in interstate commerce, in violation of 18 U.S.C. § 875(c). (Doc. No. 11 [Information].) The charge related to two phone calls

---

[1] Unless otherwise indicated, all document references are to Britton's criminal case—Case No. 5:13CR127. Additionally, all page number references are to the page identification number generated by the Court's electronic docketing system.

[2] The matter was originally assigned to the docket of the Honorable David D. Dowd, Jr. Judge Dowd presided over the case through sentencing and continued to be the district court judge of record while the matter was on direct appeal. On June 26, 2014, after the filing of the present motion to vacate, the action was reassigned to the docket of the undersigned. (Doc. No. 39 [Order of Reassignment].)

petitioner placed on September 3, 2012 from Akron, Ohio to an online dating service in San Diego, California. Angry by what he perceived as the dating service's unauthorized issuance of a mailbox in his name, petitioner left two threatening voice mail messages. The precise content of these messages has been set forth in other opinions and court records and will not be repeated here. To properly frame the present motion, it is sufficient to state that both voice mail messages contained graphically and sexually explicit threats of violence directed at the dating service's employee and her children. The second message also threatened President Barak Obama and then-Republican presidential candidate Mitt Romney.

On March 13, 2013, petitioner entered a counseled plea of guilty to the information. (Mar. 13, 2013 Minutes of Proceedings.) At the direction of the Court, a Presentence Investigation Report ("PSR") was prepared by U.S. Pretrial Services and Probation. (Doc. No. 21.) The PSR provided for a base level of 12, pursuant to U.S.S.G. § 2A6.1(a)(1), to which two points was added because the conduct involved two or more threats, pursuant to § 2A6.1(b)(2). (PSR at 162.) After applying a two-point reduction for acceptance of responsibility, the total offense level was calculated to be 12. (*Id*.)

The PSR recounted petitioner's considerable criminal history, which included numerous convictions involving alcohol. (PSR at 163-70, ¶¶ 24, 26-33, 37-39, 41-50, 54.) Petitioner's prior criminal record also included convictions for gross sexual imposition, aggravated menacing, failure to verify current address as a habitual sex offender, and intimidation. (*Id*. at 169-172, ¶¶ 53, 55-58.) The PSR recommended a finding of 11 criminal history points, resulting in a criminal history category of V. (*Id*. at

172.) The advisory guideline range of imprisonment for an offense level of 12 and a criminal history category V is twenty-seven (27) to thirty-three (33) months. On May 31, 2013, the Court issued an order advising the parties that the Court was considering an upward variance of up to six levels, to the statutory maximum sentence, and inviting the parties to file any desired sentencing memoranda prior to sentencing. (Doc. No. 19.)

The sentencing hearing was conducted on June 11, 2013. Petitioner admitted that he "had been drinking all weekend and [had] downed a whole bottle of Percocet" prior to making the threatening calls. (Doc. No. 33 [Sentencing Transcript] at 248.) After permitting counsel to provide argument on the subject of variance, the Court sentenced petitioner to a term of imprisonment of 60 months, to be followed by three years of supervised release, and placed its reasons for the sentence on the record. (Doc. No. 24 [Judgment].)

In addressing the sentencing factors set forth in 18 U.S.C. § 3553(a) and explaining the reason for the upward departure from the sentencing guidelines, the Court emphasized petitioner's numerous convictions involving alcohol and the nature of the misconduct relating to petitioner's conviction for gross sexual imposition, which involved two minor children under the age of twelve. The Court also considered the nature and circumstances of the instant criminal conduct, as well as petitioner's relevant background and characteristics. Ultimately, the Court concluded that the defendant's criminal history, in particular, called for an upward variance and a sentence to the maximum period of 60 months to clearly identify the seriousness of the criminal conduct." (*Id*. at 196-97.)

3

Petitioner took a direct appeal, maintaining that his sentence was procedurally and substantively unreasonable. In particular, petitioner complained that by basing the upward variance, in part, on his prior convictions, he was effectively punished a second time for crimes for which he had already served prison sentences. In an Opinion, issued May 2, 2014, the Sixth Circuit Court of Appeals affirmed the district court's judgment, finding the district court's sentence to be procedurally and substantively reasonable. (Doc. No. 35.) In so ruling, the Sixth Circuit specifically rejected petitioner's argument that the district court's reliance on petitioner's prior convictions to support the variance was erroneous. (*Id*. at 274-75.)

In the instant § 2255 motion, petitioner, again, complains about the sentencing judge's reliance on his prior convictions in varying upward from the sentencing guidelines. Specifically, he alleges that his sentence was imposed in violation of the constitutional protection against double jeopardy. (Mot. at 281.)

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

In order to obtain relief under § 2255, a petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)). Therefore, a court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Griffin*, 330 F.3d at 736 (quoting *United States v. Davis*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). Nevertheless, the Court recognizes petitioner's *pro se* status, and applies a lenient construction to his motion. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court finds that an evidentiary hearing is not warranted in the present case. As the analysis below demonstrates, the allegations in petitioner's motion cannot be accepted as true because they are either conclusively refuted by the record or misguided and unsubstantiated conclusions. *See Arredondo*, 178 F.3d at 782.

## III. DISCUSSION

The Double Jeopardy Clause of the Fifth Amendment states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. It protects against: (1) a second prosecution for the same offense, after an acquittal; (2) a second prosecution for the same offense after a conviction; and (3) multiple punishments for the same offense. *United States v. Kelsor*, 665 F.3d 684, 700 (6th Cir. 2011) (citation omitted). Petitioner's motion is premised on the third protection afforded by the Double Jeopardy Clause—the protection against multiple punishments for the same offense. Noting that trial counsel objected at sentencing to an upward variance on the basis of his prior convictions because he had already served many years in prison on these prior offenses, petitioner complains that the sentencing judge "sentence[ed] him on [his] past." (Mot. at 281.)

However, a sentencing court may consider facts beyond those relating to the crime at issue in the case in fashioning a sentence. *See Nichols v. United States*, 511 U.S. 738, 747, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994) ("As a general proposition, a sentencing judge 'may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.'") (quoting *United States v. Tucker*, 404 U.S. 443, 446, 92 S. Ct. 589, 30 L. Ed. 2d 592 (1972)). Indeed, 18 U.S.C. § 3553(a) directs the court to consider not only the "nature and circumstances of the offense[,]" but also the "history and characteristics of the defendant" in imposing a sentence "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. The history and characteristics of a defendant

include his prior criminal record. *See Nichols*, 511 U.S. at 747 ("Sentencing courts have not only taken into consideration a defendant's prior convictions, but have also considered a defendant's past criminal behavior, even if no conviction resulted from that behavior.")

Moreover, it is well settled that imposing an enhanced sentence due to consideration of a prior conviction does not constitute a second punishment for that offense. *United States v. Brazil*, 395 F. App'x 205, 222 (6th Cir. 2010) ("'It is well established that prior convictions can be used to enhance a defendant's sentence' without implicating the Double Jeopardy Clause.") (quoting *United States v. Flowal*, 163 F.3d 956, 963 (6th Cir. 1998)); *see also Monge v. Cal.*, 524 U.S. 721, 728, 118 S. Ct. 2246, 141 L. Ed. 2d 615 (1998) ("Historically, we have found double jeopardy protections inapplicable to sentencing proceedings[.]"); *see, e.g., United States v. Gardner*, 23 F. App'x 482, 483 (6th Cir. 2001) (use of a prior conviction to support a career criminal enhancement under 21 U.S.C. § 841(b)(1) did not expose defendant to double jeopardy). As one district court judge succinctly explained:

> Enhancing a sentence on the basis of a prior conviction is not imposing additional punishment for the first crime but taking into account the defendant's propensity to commit additional crimes and recognizing the need for additional deterrence of persons who do not cease their criminal activity with their prior sentences.

*United States v. Whitby*, 896 F. Supp. 898 (W.D. Wis. 1995) (citing *United States v. Shaw*, 26 F.3d 700, 701 (7th Cir. 1995)); *accord United States v. Mack*, 938 F.2d 678, 681 (6th Cir. 1991) ("An enhanced sentence because of a prior conviction is no more double jeopardy than is a consideration of other relevant conduct, including the

likelihood of a subsequent conviction.") Because the sentencing judge was permitted to consider petitioner's prior convictions in imposing an enhanced sentence within the authorized statutory limit without running afoul of the Double Jeopardy Clause, petitioner is not entitled to relief from his sentence. *See Witte v. United States*, 515 U.S. 389, 399, 115 S. Ct. 2199, 132 L. Ed. 2d 351 (1995) ("use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limit does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause").

Petitioner's § 2255 motion also purports to seek a sentence reduction so that he may be transferred to a halfway house. (*See* Mot. at 284 ["I am asking for at least 1 or 2 years of[f] so I can go to [a] halfway house[.]"]) According to petitioner, he does not qualify for certain rehabilitation programs in his current facility, and he does not have the present capacity to make restitution. He also complains that he is not receiving adequate medical care. (*Id.* ["Only a halfway house can give me my program and let me pay my fee. Also my family and I have major medical problems and mine are not being addressed hear [sic]."]).

Petitioner has failed to identify any constitutional violation that may be addressed via a motion under § 2255. There is no constitutional right to participate in rehabilitative programs, nor does an inmate have a constitutionally recognized right to a particular housing assignment. *See Avila v. United States*, No. 2:06-cv-263, 2:06-cv-577, Crim. No. 2:04-cr-156, 2007 WL 869723, at *4 (S.D. Ohio Mar. 20, 2007) (rejecting alien's equal protection claim that he was denied consideration for transfer to a halfway

8

house) (citations omitted). Because petitioner cannot demonstrate that the sentence imposed was unconstitutional—or that it meets any of the other limited bases for § 2255 relief—his purported exclusion from a halfway house cannot be remedied by the present motion. *See, e.g., Jimenez v. United States*, No. 2:07-cv-820, Crim. No. 2:03-cr-178, 2007 WL 2948673 (S.D. Ohio Oct. 9, 2007) (petitioner could not rely on § 2255 motion to challenge the failure to consider him for halfway house placement).

Additionally, the Court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Rather, the authority of a district court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748-49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)). Section 3582 of Title 18 of the United States Code permits sentence modification under limited circumstances, none of which are applicable here. Moreover, petitioner has failed to identify any other statute that would entitle him to a sentence reduction.

With respect to his claim of inadequate medical care, habeas corpus is not the appropriate vehicle for challenging any condition of confinement, including medical care received during incarceration. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (collecting cases). When a prisoner improperly brings a claim of unconstitutional conditions of confinement as a habeas claim, the district court is to dismiss the action. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Accordingly, this portion of his motion is dismissed without prejudice.

## IV. CONCLUSION

For all of the foregoing reasons, petitioner's motion to vacate, set aside, or correct his sentence is denied. The portion of petitioner's motion challenging the conditions of his confinement is dismissed without prejudice. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: December 5, 2014

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**